UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHNNY R. RUIZ AND ARTURO MUNOZ, | § § § | |
| PLAINTIFFS | § § § § | |
| v. | § § | CA NO. 5:14-cv-478-DAE |
| TIER ONE SECURITY, INCORPORATED AND SHAWN FLUITT, | § § § § § | JURY DEMANDED |
| DEFENDANTS | § | |

**PLAINTIFFS' MOTION TO DISMISS**
**DEFENDANTS' AFFIRMATIVE DEFENSE**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Johnny Ruiz and Arturo Munoz ("Plaintiffs") move to strike Defendants' affirmative defense that "Plaintiffs' claims are barred in part based on the exemptions from the overtime requirements of the FLSA." (Docket No. 7, p 3, Aff. Def. 7*;* Docket No. 8, p.3, Aff. Def. 9).

The rules require Defendants to plead some factual context for its affirmative defenses. "An affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir. 1999); *Teirstein v. AGA Medical Corporation,* 2009 WL 704138, at *2 (E.D. Tex. 2009). It follows that an Answer stating affirmative defenses must "contain sufficient factual matter, accepted as true, to state a [defense] that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 and 1954 (2009) (addressing the factual specificity required for a complaint to survive a motion to dismiss). *Ashcroft* explained that pleading under Rule 8 requires more than a recitation of

elements and conclusory statements; the claim or defense must be at least generally placed in its factual context. *Id.*

There are multiple exemptions to the FLSA overtime requirements. All of these exemptions apply to varied factual scenarios. Defendants inappropriately attempt to include any and all exemptions to the overtime requirements of the FLSA in one broad, factually insufficient statement. As written, the affirmative defenses in Defendants' Original Answers (Docket No. 7, p 3, Aff. Def. 7*;* Docket No. 8, p.3, Aff. Def. 9) attempt to put Plaintiffs on notice of every possible exemption to the overtime requirements of the FLSA without naming a single one of them or pleading a single fact in support of any exemption.

Defendants have not pled sufficient facts to put Plaintiffs on notice about which exemption Defendants are asserting in this matter.

For the foregoing reasons, Plaintiffs respectfully request that the Court strike Defendant's affirmative defenses that "Plaintiffs' claims are barred in part based on the exemptions from the overtime requirements of the FLSA."

                Respectfully submitted,

                /s/ Douglas B. Welmaker
                Douglas B. Welmaker
                Attorney-in-Charge
                State Bar No. 00788641
                DUNHAM & JONES, P.C.
                1800 Guadalupe Street
                Austin, Texas 78701
                Tel: (512) 777-7777
                Fax: (512) 340-4051
                E-Mail: doug@dunhamlaw.com

                **ATTORNEYS FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Strike Defendants' Affirmative Defense has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on August 26, 2014.


/s/ Douglas B. Welmaker
Douglas B. Welmaker


CERTIFICATE OF CONFERENCE

I certify that I attempted in good faith to confer with Defendant in an effort to resolve this dispute without court action.  I was unable to speak with Defendant and so it must be assumed that this Motion is opposed.

/s/ Douglas B. Welmaker
Douglas B. Welmaker