IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Johnny R. Ruiz, Arturo Munoz, § | | |
| Plaintiff, § | | |
| v. § | SA- 14 -CV- 00478 -DAE | |
| Tier One Security, Inc., Shawn Fluitt, § | | |
| Defendant. § | | |

## SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by  November 3, 2014 .

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by  November 3, 2014 , and each opposing party shall respond, in writing, by November 17, 2014

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by  December 3, 2014 .

4. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by  Nov. 10, 2014  . Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by  Dec. 23, 2014  .  All designations of rebuttal experts shall be designated within 14 days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within  30  days of receipt of the written report of the expert's proposed testimony, or within  30  days of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete all discovery on or before  February 6, 2015  . Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7.  All dispositive motions shall be filed no later than  <u>March 9, 2015</u>  . Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to twenty (20) pages in length.  Replies, if any, shall be limited to ten (10) pages in length in accordance with Local Rule CV-7(e).  **If the parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date**.

8.  The hearing on dispositive motions will be set by the Court after all responses and replies have be filed.

9.  The trial date will be determined at a later date by the Court.  The parties shall consult Local Rule CV-16(e)-(g) regarding matters to be filed in advance of trial.  At the time the trial date is set, the Court will also set the deadline for the filing of matters in advance of trial.

10.  All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on  <u>September 26, 2014</u>  , and the parties have (*agreed*/~~*disagreed*~~) as to its contents.  The following positions and reasons are given by the parties for the disagreement as to the contents of the proposed scheduling order  _____  .  Plaintiff offers the following explanation of why all parties have not been served  _____  .

_____
(Signature)

**Douglas B. Welmaker**
_____
(Print or type name)

ATTORNEY FOR

**Plaintiffs**
_____
(Print or type name)

CERTIFICATE OF SERVICE

**I certify that I have filed this document on all counsel of record via the Court's ECF System on September 26, 2014.**

_____
**Douglas B. Welmaker**